SAMUEL, Judge.
This is an appeal by Julian Crawford from a judgment in favor of plaintiff in the sum of $1,200 for forced eviction and personal injuries. Plaintiff, Emily Todd, rented an apartment from Crawford on a verbal month-to-month lease. Because the property was being renovated, the first month’s rent was free, the second month’s rent was one-half the full monthly rental price, and the rent for the third month was to be the full sum of $165.
*271 Plaintiff and a man with whom she was living had received permission from Crawford and his manager, David Myers, to remove paint and plaster from a brick fireplace in the living room, but during the tenancy a dispute arose about the fireplace and the fact that the renovation was not completed by the third month, thus preventing plaintiff from having full enjoyment of the property. Her rent was paid up until November 26, according to the rent receipts, but on November 21 plaintiff was notified her tenancy was being terminated on the 26th. She therefore found a new apartment and started to remove her belongings.
Most of her property had been removed by the morning of the 26th, but some boxes of clothing and food still remained. She intended to return for these as her time was not up until 5 p. m. Assuming she had left during the early afternoon of the 26th, defendants entered the apartment. They concluded plaintiff had stolen their light bulbs and they changed the lock on the front door so she could not return and either steal or damage the property.
Apparently as a result of the bickering during the three months of plaintiff’s tenancy, during which time the renovation was going on and she was unable to enjoy the full use of the leased premises, plaintiff removed the light bulbs from all of the fixtures and put them in the kitchen sink. This was not discovered by the defendants until after they had replaced all the light bulbs they had thought stolen.
At about 2 p. m. on November 26 plaintiff returned to collect the rest of her belongings and found the lock ,had been changed on the door. She banged on the door and shouted in a loud voice “Who changed the lock on this Goddamn door?”
Plaintiff’s version of what happened thereafter is that David Myers answered the door, and she asked Mr. Crawford if she could remove her remaining property. He would not permit her to do so and went into a rage about her stealing his light bulbs. Crawford and Myers were blocking her entry and access to her belongings. At this point she put her left hand on Myers shoulder, motioned him toward the door asking him to leave. Crawford then hit her in the face three times with his right fist, once in the nose, once on the cheek and once in an eye. She was stunned and frightened and told him to get out of the apartment because she was going to call the police. Defendants left the premises, plaintiff called the police, and then called her parents in Dallas. When the police came they told the defendants to permit her to remove her property from the premises. At that point a Mrs. Christie, a friend of plaintiff’s mother, who had been contacted by the mother from Dallas, arrived to help her.
Mrs. Christie stated when she got to plaintiff’s apartment the girl had been crying, her face was red, she was distraught and plaintiff stated “he hit me”. The witness helped plaintiff get her things out of the apartment, put them in her car and helped her to move them to the new location. She testified plaintiff was afraid, and she was afraid for her. In fact, the witness arrived with two dogs, a Doberman Pincer and Pointer, in her automobile.
Defendants’ version of the incident is they were unhappy with the way plaintiff and her co-tenant were working on the chimney, and asked them to leave. On the afternoon of November 26, they entered the apartment about 2 o’clock as the truck Which had removed plaintiff’s furnishings had been gone for four hours and they concluded the move was completed. They were concerned about the light bulbs and they changed the lock on the door. There were some cardboard boxes and an old broken fan still remaining in the apartment, but they assumed the contents of these boxes had been abandoned. While they were putting up the last light bulb in the kitchen, they heard a knock on the door and plaintiff’s loud voice. Crawford stated he answered the door and plaintiff called him a fat ass, coming at him in the head, neck and throat. He tried to ward off the blows and was backing up. He denied hitting her at any time. He further denied that David Myers, the other defendant, had ever struck *272 plaintiff. He is 6 feet tall, weighs 150 pounds and wears glasses. (Plaintiff is 5 feet, 4 inches tall.) David Myers subsequently was dismissed as a party defendant.
A Mrs. Joyce R. Wautlet testified that on the morning of November 26, she called Julian Crawford, a friend of her mother, to complain of a leak in her water line. She stopped by to see him that afternoon parking directly across the street from the apartment house. As she was getting out of the car, she could see plaintiff at the front door and heard her yell “Who changed the locks?” At this point Julian Crawford came out and said “Someone was taking the light bulbs” and the young lady said “You fat ass”. Crawford went backward, the door opened, plaintiff was yelling and screaming and swinging her arms at them. The witness thought this was a bad time to talk to him, so she got back in her ear and left.
In this court appellant contends: (1) plaintiff did not carry the burden of proof necessary to prove damages for injuries sustained by the alleged attack; and (2) the court overlooked the testimony of the independent witness, Mrs. Wautlet.
We do not agree with either contention. Plaintiff had until 5 o’clock on the afternoon of November 26 to move and had not completely moved all of her belongings from the apartment prior to that time. She was prevented from doing so by the defendant Crawford and/or his associate David Myers. Nor do we believe the trial judge overlooked the testimony of Mrs. Wautlet. And there is sufficient evidence in the record to support the trial judge’s acceptance of plaintiff’s testimony. We cannot say that the damages of $1,200 for forced eviction and personal injuries is excessive.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.